## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

CLEARMAR, LLC d/b/a OPAL SANDS
RESORT,
      Plaintiff,

                                        Case No.:

vs.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,
      Defendant.

_____/

## COMPLAINT

Plaintiff, Clearmar, LLC d/b/a Opal Sands Resort ("Opal Sands") sues Defendant, Liberty Mutual Fire Insurance Company and alleges:

### Jurisdiction & Venue

1.      The matters in controversy in this case exceeds $15,000, exclusive of interest, costs, and attorney's fees.

2.      The Plaintiff, Opal Sands is, and at all times material to this lawsuit was, a limited liability company with its principal place of business in Delray Beach, Florida.

3.      The Defendant, Liberty Mutual Fire Insurance Company is, and at all times material to this lawsuit was, a foreign corporation with its principle address in Westwood, Wisconsin.

4.      At all material times, the Defendant was engaged in business in the State of Florida, including issuing insurance policies to business and citizens of the State of Florida.

5.      At all material times, the Defendant was engaged in business in Pinellas County, Florida.

6.      The insurance policy at issue in this lawsuit was issued from Tampa, Florida and delivered to Wilton Manors, Florida.

1

***ELECTRONICALLY FILED 03/09/2018 10:02:37 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

7.     The underlying lawsuit at issue in this lawsuit is pending in Pinellas County, Florida.

8.     Jurisdiction and venue are both proper.

## Opal Sands and Moss & Associates

9.     On December 5, 2014, Opal Sands and Moss and Associates, LLC ("Moss") entered into a contract in which Opal Sands hired Moss to serve as the contractor and constructor of a hotel building to be constructed at 430 South Gulfview Blvd., Clearwater Beach, Florida.

10.    As the contractor, Moss was responsible for all construction work on the Opal Sands hotel.

11.    As set forth in the contract between Opal Sands and Moss, Moss was responsible for constructing all of the stairs, railings, and electrical systems at the hotel, and Moss was given a budget exceeding $6,000,000 to perform railing and electrical work.

12.    Pursuant to that contract, Moss performed construction of the Opal Sands hotel, and constructed all of the stairways, exterior railings, and electrical systems at the Opal Sands hotel.

13.    The railings were materials and parts furnished by Moss.

14.    The electrical system was constructed of materials, parts and equipment furnished by Moss.

15.    As set forth in the construction contract, Moss agreed in writing to provide commercial general liability insurance to Clearmar, LLC.

16.    The contract required Moss to provide liability insurance to Clearmar, LLC on a primary basis, non-contributory with any insurance maintained by Clearmar, LLC.

17.    Moss also agreed to indemnify Clearmar, LLC for any liability, claims, damages, losses, expenses and causes of action arising out of Moss's construction work.

## The Underlying Lawsuit

18.    On December 13, 2017, Charles Hall and Zonya Hall filed a lawsuit against Opal Sands in

2

the Sixth Judicial Circuit in and for Pinellas County, Florida.

19.     The caption of this case is *Charles Michael Hall and Zonya Opal Hall v. Clearmar, LLC d/b/a Opal Sands Resort* (the "Underlying Lawsuit").

20.     The Underlying Lawsuit alleges that it seeks damages in excess of $15,000.

21.     The Underlying Lawsuit alleges that the Halls were injured at the Opal Sands Resort, located at 430 S. Gulfview Blvd., Clearwater Beach, Florida.

22.     The Halls alleged in the Underlying Lawsuit that they were electrically shocked because a metal railing at the Opal Sands was electrified.

23.     The Halls also alleged that they were injured because they were not warned about the railings.

24.     The Underlying Lawsuit alleges that the Halls suffered bodily injury as a result of the electrified railings.

**Liberty Mutual Policy**

25.     Liberty Mutual issued to Moss a Commercial General Liability insurance policy number TB2-651-291174-023, which was effective from August 21, 2013 to November 21, 2016 (the "Policy").

26.     A true and accurate copy of the Policy is attached as **Exhibit A**.

27.     Per the Policy's Blanket Additional Insured endorsement, "any organization for whom [Moss has] agreed in writing to provide liability insurance" is an insured.

28.     The Blanket Additional Insured endorsement also states that "[w]here the applicable written agreement requires the insured to provide liability insurance on a primary, excess, contingent, or other basis, this policy will apply solely on the basis required by such written

3

agreement."

29.     The Policy also provides coverage to contractual indemnitees of Moss.

30.     The Policy defines "Your work" to mean "work or operations performed by you or on your behalf" and "materials, parts or equipment furnished in connection with such work or operations" and includes the "failure to provide warnings or instructions."

**Opal Sands Attempts to Obtain Coverage from Liberty Mutual**

31.     On May 11, 2016, Opal Sands passed on to Liberty Mutual correspondence it received from the Halls' counsel and requested that Liberty Mutual respond to the letter on behalf of Opal Sands.

32.     Opal Sands explained in the May 11, 2016 letter that the Halls alleged injury from receiving an electrical shock from a handrail at the Opal Sands hotel.

33.     Opal Sands also explained to Liberty Mutual that the hotel was new and only recently opened and that Moss was responsible for constructing the hotel, and that Moss was required to obtain liability insurance for Opal Sands.

34.     Despite multiple follow ups by Opal Sands with Liberty Mutual, Liberty Mutual failed to make a determination as to whether the claim was covered for more than a year.

35.     After being served with the Underlying Lawsuit, Opal Sands put Liberty Mutual on notice and requested defense and indemnity from Liberty Mutual.

36.     Liberty Mutual failed to make a coverage determination and failed to offer a defense to Opal Sands prior to the deadline for Opal Sands to respond to the Complaint in the Underlying Lawsuit.

37.     As a result of Liberty Mutual's delay, Opal Sands hired its own defense counsel at its own

4

cost to defend against the Underlying Lawsuit.

38.     On February 2, 2018, Liberty Mutual issued a letter denying coverage because it contends that the Underlying Lawsuit does not allege that the loss (the Halls' alleged injuries) arose out of Moss's work or operations.

39.     Liberty Mutual declined to defend Opal Sands in the Underlying Lawsuit.

40.     Liberty Mutual has stated that it will not indemnify Opal Sands for any judgments or settlements in the Underlying Lawsuit.

## Count I: Breach of Contract

41.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42.     Liberty Mutual is obligated by the Policy to provide a defense to Opal Sands in the Underlying Lawsuit.

43.     Liberty Mutual has breached the Policy by failing to provide a defense to Opal Sands.

44.     As a result, Opal Sands was required to hire its own defense counsel to defend against the Underlying Lawsuit.

45.     Opal Sands seeks as damages from Liberty Mutual the amount Opal Sands pays or is obligated to pay its defense counsel.

46.     Opal Sands has complied with all conditions precedent to bringing this lawsuit and/or all such conditions have been waived by Liberty Mutual.

47.     Liberty Mutual's conduct has caused Opal Sands to retain services of the undersigned counsel to represent it in this action.

48.     If Opal Sands prevails in this lawsuit, it is entitled to attorneys' fees and costs under section

627.428, Florida Statutes.

WHEREFORE, the Plaintiff, Opal Sands, seeks all damages allowable under Florida Law, against the Defendant, Liberty Mutual Fire Insurance Company, including reimbursement of defense costs, interest, fees, and costs.

### Count II: Declaratory Judgment Action - Defense and Indemnity

49.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 40 as if fully set forth herein.

50.     This is an action for declaratory relief pursuant to Chapter 86 of the Florida Statutes.

51.     There exists a preset, ascertainable state of facts or present controversy as to a stated fact concerning the rights and obligations of the parties under the liability coverages set forth in the auto insurance policy issued by Defendant.

52.     The parties have an actual, present, adverse, and antagonistic interest in the subject matter described herein.

53.     Opal Sands contends it is entitled to insurance coverage for defense and indemnity against the claims set forth in the Underlying Lawsuit.

54.     The Defendant denies that it owes any coverage to the Plaintiff.

55.     The Plaintiff seeks a declaration that the Defendant owes liability coverage for the bodily injury claims made by the Halls in the Underlying Lawsuit.

56.     The Plaintiff has complied with all conditions precedent to bringing this lawsuit and/or all such conditions have been waived by the Defendant.

57.     The Defendant's conduct has caused Opal Sands to retain services of the undersigned counsel to represent it in this action.

6

58.     If Opal Sands prevails in this lawsuit, it is entitled to attorneys' fees and costs under section 627.428, Florida Statutes.

WHEREFORE, the Plaintiff, Opal Sands, respectfully requests that the Court declare that liability insurance coverage is owed to Opal Sands by the Defendant in regard to the Underlying Lawsuit, and award attorneys' fees and costs.


The Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

**HERMAN & WELLS, P.A.**


/s/ Jason A. Herman
Jason A. Herman, Esq. FBN: 0016086
5701 Park Blvd., N
Pinellas Park, FL 33781
(727) 821-3195 (phone)
(877) 395-1574 (fax)
Attorneys for Plaintiff, Clearmar, LLC d/b/a Opal Sands Resort
Service Emails:  jason@hermanwells.com